People v Deas (2019 NY Slip Op 04192)





People v Deas


2019 NY Slip Op 04192


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-10217
 (Ind. No. 8839/16)

[*1]The People of the State of New York, respondent,
v
Todd Deas, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dena E. Douglas, J.), imposed August 8, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of the right to appeal and the consequences of waiving it (see People v Farrell, 169 AD3d 919, 920). Although the defendant signed a written waiver form, the transcript of the plea proceeding reveals that instead of ascertaining on the record whether the defendant read the written waiver and was aware of its contents, the court deferred to the defense counsel's statements about counsel's off-the-record conversation with the defendant regarding the written waiver (see People v Brown, 122 AD3d 133, 140-141, 145).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court